IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Filed in Open Court |
| Plaintiff, ) | 6-24-05 /lu |
| ) | |
| vs. ) | Criminal No. 04-20371-M |
| ) | |
| TERRENCE DAVIS, ) | |
| ) | |
| Defendant. ) | |

## PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the attorney for the United States, TERRENCE DAVIS, and the attorney for TERRENCE DAVIS have reached an agreement that contemplates the entry of a plea of guilty by TERRENCE DAVIS in this case. The full and complete plea agreement is as follows:

1. TERRENCE DAVIS agrees that he will enter a voluntary plea of guilty to all Counts of indictment number 04-20371.

2. TERRENCE DAVIS agrees that he is pleading guilty because he is in fact guilty of the offenses charged in the Indictment.

3. TERRENCE DAVIS agrees that this plea agreement constitutes the entire agreement between him and the United States and that no threats have been made to induce him to plead guilty.

4. TERRENCE DAVIS agrees to cooperate fully with this Office and any other federal, state or local law enforcement agency as directed by this Office. This cooperation will include, but is not limited to, the following:

      a.    to respond truthfully and completely to any and all questions or inquiries that may be put to him, whether in interviews, before a grand jury or at any trial(s) or other court proceedings;

      b.    to attend all meetings, grand jury sessions, trials and other proceedings at which his presence is required by this office or compelled by subpoena or court order;

      c.    to produce voluntarily any and all documents, records, or other tangible evidence relating to the matters about which this office inquires;

      d.    to testify at any proceeding in the Western District of Tennessee or elsewhere as requested by this Office; and,

      e.    to consent to adjournments of his sentencing hearing as requested by this Office.

5.    Nothing in this agreement requires the government to accept any cooperation or assistance that TERRENCE DAVIS may choose to proffer. The decision whether and how to use (if at all) any information and/or cooperation that TERRENCE DAVIS provides is in the exclusive discretion of this Office.

6.    TERRENCE DAVIS must at all times give complete, truthful and accurate information and testimony, and must not commit, or attempt to commit, any further crimes. Should it be judged by the Office that TERRENCE DAVIS has failed to cooperate fully, has intentionally given false, misleading or incomplete information or testimony, has committed or attempted to commit any further crimes, or has otherwise violated any provision of this agreement, TERRENCE DAVIS will not be released from his plea of guilty but this Office will be released from its obligations under this agreement.

7. There has been no representation made whatsoever by any agent or employee of the United States or other law enforcement agency as to what the final disposition of this matter should or will be.

8. If the United States determines that TERRENCE DAVIS has cooperated fully, has provided substantial assistance to law enforcement authorities which led to or aided in the prosecution of other individuals, and has otherwise complied with the terms of this agreement, the United States will make a motion pursuant to § 5K1.1 of the sentencing guidelines and 18 U.S.C. § 3553(e) with the sentencing court setting forth the nature and extent of TERRENCE DAVIS' cooperation. In this connection, it is understood that the United States' determination of whether TERRENCE DAVIS has cooperated fully and the United States' assessment of the value, truthfulness, completeness and accuracy of the cooperation, shall be binding upon him. The United States cannot and does not make a promise or representation as to what sentence will be imposed by the court. The United States will be free to recommend a proposed sentence to the Court at the sentencing hearing. TERRENCE DAVIS understands that at the time this plea is entered, no one has promised him that a substantial assistance motion will be made on his behalf.

9. TERRENCE DAVIS acknowledges that he has not been coerced, threatened, or promised anything in exchange for his plea of guilty. TERRENCE DAVIS further understands that his attorney will be free to argue any mitigating factors in his behalf and will be free to propose any alternatives to incarceration available under the Sentencing Guidelines. TERRENCE DAVIS further understands that he will have an opportunity to personally address the Court prior to sentence being imposed.

10. TERRENCE DAVIS has discussed the terms of the foregoing plea agreement with

his attorney and is satisfied with his attorney and his advice and counsel. Being aware of all the possible consequences of his plea, TERRENCE DAVIS has independently decided to enter his plea of guilty of his own free will, and affirms this agreement on the date and by his signature below.

FOR THE UNITED STATES

TERRELL L. HARRIS
United States Attorney

_____
David Pritchard
Special Assistant United States Attorney
167 N. Main, Room 1026
Memphis, TN 38103
(#018187 Tennessee)

6/24/05
Date

_____
Craig Morton
Attorney for TERRENCE DAVIS

6-24-05
Date

_____
TERRENCE DAVIS
Defendant

6-24-05
Date

4

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 57 in case 2:04-CR-20371 was distributed by fax, mail, or direct printing on July 5, 2005 to the parties listed.

---

Craig V. Morton
MORTON & GERMANY
200 Jefferson Ave.
Ste. 725
Memphis, TN 38103

Jennifer Lawrence Webber
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT